UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | NOTICE OF MOTION |
| -against- | : | IND. NO. 20-CR-213 (KAM) |
| MARLON BRISTOL, | : | |
| Defendant. | : | |

--------------------------------------------------------x

PLEASE TAKE NOTICE, that upon the annexed affirmation of MURRAY E. SINGER, ESQ., and the prior proceedings herein, the undersigned will move this Court a) for an Order suppressing all evidence obtained from Marlon Bristol's cell phone on the ground that the unreasonable delay in obtaining a search warrant for this cell phone violated Mr. Bristol's Fourth Amendment rights, and b) to join Qawon Allen's motion to dismiss the indictment based on the substantial failure to comply with the Jury Selection and Service Act in selecting the grand jury that returned this indictment.

Dated: Port Washington, New York
       June 18, 2021

                                                                 Respectfully yours,

                                                                 MURRAY E. SINGER
                                                                 Attorney for Defendant
                                                                 14 Vanderventer Ave.
                                                                 Suite 147
                                                                 Port Washington, NY  11050
                                                                 O: 516-869-4207
                                                                 C: 516-662-4950
                                                                 msingerlaw@gmail.com

cc:    AUSA Jonathan Siegel by ECF and email

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x

UNITED STATES OF AMERICA,          :          AFFIRMATION

        -against-                                    :          IND. NO. 20-CR-213 (KAM)

MARLON BRISTOL,                               :

        Defendant.                                  :
---------------------------------------------------------x

      MURRAY E. SINGER, an attorney duly admitted to practice law in the Eastern District of New York, affirms under penalty of perjury as follows:

      1. I am the attorney of record for the defendant, Marlon Bristol. As such I am fully familiar with the facts of this case.

      2. This Affirmation is made in support of defendant's Motion a) for an Order suppressing all evidence obtained from Marlon Bristol's cell phone on the ground that the unreasonable delay in obtaining a search warrant for this cell phone violated Marlon Bristol's Fourth Amendment rights, and b) to join Qawon Allen's motion to dismiss the indictment based on the substantial failure to comply with the Jury Selection and Service Act in selecting the grand jury that returned this indictment.

      3. After seizing Marlon Bristol's cellphone on June 23, 2020 (the day of his arrest), the government waited until October 2, 2020—101 days later—to seek a search warrant. The government's delay is unreasonable. No further investigation was required to obtain a warrant. The government already knew most of the allegations recited in the agent's affidavit at the time the cellphone was seized; the government was or could have been aware of the remainder of the

1

allegations by mid-July 2020—at least two and one-half months before the warrant application. This unreasonable delay constitutes a clear violation of the Fourth Amendment and warrants the suppression of any evidence obtained from the cellphone.

4. On June 23, 2020, federal agents arrested Marlon Bristol In this case. The agents seized his cellphone, an iPhone, incident to his arrest. Like many people, Marlon Bristol keeps a significant amount of personal information on his cellphone and wants it returned to him.

5. Despite having possession of the iPhone since June 23, 2020, the government waited until October 2, 2020 to apply for a search warrant. In the agent's affidavit supporting the warrant application, the government claimed that the length of the warrantless seizure—over 100 days—was reasonable because "the investigation of this case continued after the seizure of the [cellphone]." (Affidavit of Steve Schiliro, attached as Ex. A at 4 n.2). The agent's affidavit offers only two sources of "newly acquired information", neither of which was necessary to establish probable cause. (Ex. A at par. 54(a) and (b)), recorded telephone calls from Marlon Bristol on July 4, 2020 and July 7, 2020. This new information was available to the government within two weeks of Marlon Bristol's arrest (the government often monitors inmate calls more carefully in the weeks following an arrest).

6. Any data that the government obtains from Marlon Bristol's iPhone should be suppressed under the Fourth Amendment because the government acted unreasonably by delaying for 101 days before applying for a search warrant. Between the seizure of the cellphone on March 23, 2020 and the government's application for a search warrant on October 2, 2020, the parties appeared before this Court three times for status conferences, on July 6, August 3 and September 30, 2020. At the last of those conferences, the government represented that production of Rule 16 discovery would be completed within two to three weeks, even though the government had still not even applied for

a warrant to search Marlon Bristol's cellphone. In the absence of any justification for the government's 101-day delay, the magistrate judge should not have issued the warrant.

7. The Second Circuit has held that a 31-day delay between the police's seizure of a tablet computer and application for a search warrant was unreasonable and violated the Fourth Amendment. United States v. Smith, 967 F.3d 198, 211 (2d Cir. 2020). The Second Circuit identified four factors that are generally relevant to whether the amount of time of a warrantless seizure of the defendant's property is unreasonable: "[1] the length of the delay, [2] the importance of the seized property to the defendant, [3] whether the defendant had a reduced property interest in the seized item, and [4] the strength of the states justification for the delay." Id. at 206. Under the Smith factors, the government's 101-day warrantless seizure of Marlon Bristol's iPhone was unreasonable in violation of the Fourth Amendment.

8. In its warrant application, the government attempts to distinguish Smith on the grounds that Marlon Bristol's cellphone was seized incident to his arrest, as opposed to based on probable cause. According to the government, Smith does not apply here because "seizures of items found on an arrestee's person are justified by the fact of arrest and are categorically reasonable under the Fourth Amendment." Affidavit of Steve Schiliro, attached as Ex. A at 4 n.2. This astonishing claim is incorrect. As the Supreme Court made clear in Riley v. California, the "answer to the question of what police must do before searching a cell phone seized incident to an arrest is … simple—get a warrant." 573 U.S. 373, 403 (2014). Indeed, Smith cites this very rule. United States v. Smith, supra, 967 F.3d at 208. Thus, it is crystal clear that Smith applies to the seizure of Marlon Bristol's cellphone.

9. Under the Smith factors, the government's delay was unreasonable. As to the first factor,

the length of the delay was egregious—more than three time longer than the 31-day delay in Smith. As the Second Circuit noted in United States v. Martin, "[i]n some circumstances eleven days might well constitute an unreasonable delay." 157 F.3d 46, 54 (2d Cir. 1998). See United States v. Pratt, 915 F.3d 266, 273 (4th Cir. 2019) (holding that 31-day delay in obtaining warrant to search cellphone was unreasonable); United vStates v. Mitchell, 565 F.3d 1347, 1353 (11th Cir. 2009) (holding 21-day delay in obtaining a warrant to search computer hard drive was unreasonable).

      10. As to the second factor, the property seized—a cellphone—is very important to Marlon Bristol. A cellphone is analogous to the seized property in Smith: a tablet computer. The Second Circuit observed: "the sheer volume of data that may be stored on an electronic device . . . raises a significant likelihood that much of the data on the device that has been seized will be deeply personal and have nothing to do with the investigation of criminal activity." United States v. Smith, supra, 967 F.3d at 207. Thus, the Second Circuit has recognized that "special concerns … apply when law enforcement seize and search people's personal electronic data and communication devices." Id. As noted in Smith, the enormous amount of private, personal data on smartphones, like Marlon Bristol's, has led the Supreme Court to accord them broader constitutional protection in comparison to "ordinary personal effects." Id., citing Riley v. California, supra, 573 U.S. 373. "[T]he search and seizure of personal electronic devices like a modern cell phone … implicates different privacy and possessory concerns than the search and seizure of a person's ordinary personal effects." Id. at 208. According to the Second Circuit, this distinction is "vital to assessing the importance of the seized property to a defendant when the item in question is a … personal electronic device." Id. Like most people, Marlon Bristol had a great deal of private information on his cellphone, such as internet searches, private communications with family members, photographs, financial records, and the like.

Therefore, the second factor also weighs in favor of unreasonableness of the lengthy delay in obtaining a warrant.

11. As to the third factor, Marlon Bristol's property interest in his cellphone was undiminished. He did not consent to its seizure or to the search of its contents. As in <u>Smith</u>, Marlon Bristol "did nothing to reduce his property interest by means of consent or voluntarily relinquishing control" of his cellphone. <u>Id</u>. The government argued in its search warrant application that Marlon Bristol's possessory interest was vitiated by his incarceration. While it is true that Marlon Bristol is not permitted to possess his cellphone at the MDC, it remained his property, and he retained the right to commit it to the care of a family member. The government also claims that the cellphone had independent investigative value, to the extent it carried an IMEI number. This argument is spurious, as the government could have recorded the number in a photograph if it had evidentiary value.

12. As to the fourth factor, there is no justification for the government's delay. The government had all of the information cited in the October 2 warrant application, save for the phone calls by Marlon Bristol from MDC on July 4 and July 7, 2020, on the date the cell phone was seized.

13. In sum, the <u>Smith</u> factors weigh in favor of the conclusion that the government's 101-day delay in seeking a warrant was unreasonable, and therefore a violation of the Fourth Amendment. The exclusionary rule should apply to the fruits of this unreasonable seizure because the government was on notice from <u>Smith</u> that an unreasonable delay in obtaining a warrant for a legally seized communication device is a violation of the Fourth Amendment. As the Second Circuit said in <u>Smith</u>, decided July 28, 2020, the exclusionary rule applies where the government violates the Constitution "deliberately, recklessly, or with gross negligence". <u>Id</u>. at 211.

14. For purposes of the motion to dismiss the indictment, all of the reasons supporting

5

Qawon Allen's motion to dismiss the indictment based on the substantial failure to comply with the Jury Selection and Service Act in selecting the grand jury that returned this indictment apply with equal force to Marlon Bristol.

WHEREFORE, for the reasons stated above, we ask this Court to suppress all evidence obtained from Marlon Bristol's cell phone on the ground that the unreasonable delay in obtaining a search warrant for this cell phone violated Mr. Bristol's Fourth Amendment rights, and dismiss the indictment based on the substantial failure to comply with the Jury Selection and Service Act in selecting the grand jury that returned this indictment.

Dated: Port Washington, New York
June 18, 2021

                    Respectfully submitted,

                    *Murray Singer*
                    _____
                    MURRAY E. SINGER
                    Attorney for Defendant
                    14 Vanderventer Ave.
                    Suite 147
                    Port Washington, NY 11050
                    O: 516-869-4207
                    C: 516-662-4950
                    msingerlaw@gmail.com